UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KOALANA LYONS,

      Plaintiff,                                 **Case No.:**

v.

LIFE INSURANCE CO. OF NORTH
AMERICA,

      Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, KOALANA LYONS (hereinafter, "Plaintiff"), by and through the undersigned attorney, and files this Complaint stating a cause of action against Defendant LIFE INSURANCE CO. OF NORTH AMERICA (hereinafter "Defendant"), and alleges as follows:

1. This is an action for recovery of benefits under an employee welfare benefit plan brought pursuant to 29 U.S.C. §1132(a)(1)(b)(ERISA). Plaintiff seeks to recover benefits she claims are due to her under her employer's group policy issued by Defendant which she claims have been wrongfully denied.

## PARTIES

2. At all times material hereto, Plaintiff was and is an adult resident citizen of Escambia County, Florida, and otherwise a resident of the State of Florida.

3. At all times material hereto, Defendant was and is a foreign for profit corporation authorized to engage and engaging in business within the State of Florida, including Escambia County, Florida.

4. At all times relevant to this action, Plaintiff purchased a plan for long term disability benefits pursuant to her former employer Navy Federal Credit Union's benefit plan, under plan number LK-0980205 ("the Plan").

5. At all times material to this Complaint, the Plan was in full force and effect and Plaintiff was a Plan participant.

6. Defendant is in possession of all master Plan documents.

## BASIS FOR JURISDICTION

7. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

## UNLAWFUL DENIAL OF BENEFITS

8. Plaintiff realleges and incorporates paragraphs 1 through 7 as fully set out herein.

9. Plaintiff purchased through her former employer, Navy Federal Credit Union, a contract of salary continuance (the Plan) that included long term disability benefits during any period of disability as defined by the Plan.

10. On or about June 14, 2021, Plaintiff became totally disabled from her past employment as defined by the Plan, due to a variety of severe impairments including, but not limited to, arm pain, decreased grip strength, memory loss, blood clots, chronic pain, positive ANA, edema, rheumatological conditions, joint pain, chronic fatigue, Fibromyalgia, low back pain, Generalized anxiety disorder with panic attacks, PTSD, asthma, major depressive disorder with psychotic features, HBP, and other exertional and non-exertional impairments.

11. On or about 6/8/2022, Plaintiff submitted her application for long term disability benefits to Defendant.

12. By letter dated 6/20/2022, Defendant acknowledged receipt of Plaintiff's long term disability application. No request by the Defendant for additional time to evaluate Plaintiff's long term disability application was made therein.

13. By letter dated 8/05/2022, Plaintiff responded to Defendant's 6/20/2022 letter.

14. By letter dated 7/28/2022, Defendant requested additional information. No request by the Defendant for additional time to evaluate Plaintiff's long term disability application was made therein.

15. By letter dated 8/09/2022, Plaintiff responded to Defendant's 7/28/2022

letter, attaching updated Plaintiff's medical records.

16.     By letter dated 9/26/2022, Plaintiff submitted an additional response to Defendant's 7/28/2022 letter, attaching additional updated Plaintiff's medical records.

17.     By letter dated 8/10/2022, Defendant advised that it was proceeding with a formal review of the medical information on file. Further, that Defendant would "notify you immediately once we have determined your eligibility for benefits. If additional information is needed or there is a reason for delay, we will contact you immediately. At the latest, we will contact you within 10 days." No request by the Defendant for additional time to evaluate Plaintiff's long term disability application was made therein.

18.     As of the date of the instant filing, no decision on Plaintiff's long term disability application has been received by Plaintiff.

19.     The Plan and the Federal Regulations applicable thereto, dictate that in the case of a claim for disability benefits, the plan administrator shall notify the claimant, in accordance with paragraph (g) of 29 CFR § 2560.503-1, of the plan's adverse benefit determination within a reasonable period of time, but not later than 45 days after receipt of the claim by the plan. This period may be extended by the

plan for up to 30 days, provided that the plan administrator both determines that such an extension is necessary due to matters beyond the control of the plan and notifies the claimant, prior to the expiration of the initial 45-day period, of the circumstances requiring the extension of time and the date by which the plan expects to render a decision. If, prior to the end of the first 30-day extension period, the administrator determines that, due to matters beyond the control of the plan, a decision cannot be rendered within that extension period, the period for making the determination may be extended for up to an additional 30 days, provided that the plan administrator notifies the claimant, prior to the expiration of the first 30-day extension period, of the circumstances requiring the extension and the date as of which the plan expects to render a decision. In the case of any extension under 29 CFR § 2560.503-1(f)(3), the notice of extension shall specifically explain the standards on which entitlement to a benefit is based, the unresolved issues that prevent a decision on the claim, and the additional information needed to resolve those issues, and the claimant shall be afforded at least 45 days within which to provide the specified information.

20.     Pursuant to the Plan, "The Insurance Company has 45 days from the date it receives a claim for disability benefits, or 90 days from the date it receives a claim for any other benefit, to determine whether or not benefits are payable in accordance

with the terms of the Policy. The Insurance Company may require more time to review the claim if necessary due to matters beyond its control. If this should happen, the Insurance Company must provide notice in writing that its review period has been extended for:

(i) up to two more 30-day periods (In the case of a claim for disability benefits); or

(ii) 90 days more (in the case of any other benefit).

If this extension is made because additional information must be furnished, these extension periods will begin when the additional information is received. The requested information must be furnished within 45 days."

21. More than forty-five (45) days have passed since Plaintiff's long term disability application was received by the Defendant on or about 6/8/2022.

22. The Defendant has not requested a forty-five (45) extension in writing to Plaintiff as of the date of the instant filing. Thus, Plaintiff has exhausted her administrative remedies by operation of law, and Defendant has waived its right to decide Plaintiff's long term disability application, thus providing this Court with a *de novo* review of Plaintiff's claim for long term disability benefits.

23. Plaintiff continues to suffer from a variety of severe impairments

including, but not limited to, arm pain, decreased grip strength, memory loss, blood clots, chronic pain, positive ANA, edema, rheumatological conditions, joint pain, chronic fatigue, Fibromyalgia, low back pain, Generalized anxiety disorder with panic attacks, PTSD, asthma, major depressive disorder with psychotic features, HBP, and other exertional and non-exertional impairments which render her disabled as defined by the Plan and thus Plaintiff remains entitled to receive long term disability benefits under the Plan.

24.    Plaintiff has exhausted all available administrative remedies afforded by the Plan and has otherwise complied with all conditions precedent to this action.

WHEREFORE, Plaintiff prays for a judgment against the Defendant THE LIFE INSURANCE CO. OF NORTH AMERICA for all Plan benefits owing at the time of said judgment, back-due long term disability benefits less the Plan's Elimination Period, pre-judgment interest, attorney's fees, costs of this action, and all other relief deemed just and proper by the Court.

Dated: October 6, 2022.

*/s/Daniel J. Finelli*
Daniel J. Finelli, Esq.
Florida Bar No.: 101084
d.finelli@solowaylawfirm.com
Daniel M. Soloway, Esq.
Florida Bar No.: 508942
d.soloway@solowaylawfirm.com
Soloway Law Firm
1013 Airport Blvd.
Pensacola, FL 32504
(850) 471-3300 (T)
(850) 471-3392 (F)
Attorneys for Plaintiff